Jonathan Rudnick Local Counsel
THE LAW OFFICE OF JONATHAN RUDNICK, L.L.C.
ATTORNEY I.D. NO. 034721990
788 SHREWSBURY AVENUE
SUITE 204
TINTON FALLS, N.J. 07724
JONR@JONRUDLAW.COM
732-842-2070
FAX:  732-879-0213

Jesse S. Johnson
Greenwald Davidson Radbil PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
To be admitted *pro hac vice*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FERDINAND J. MENDONEZ, on behalf of himself and others similarly situated, | : : : : | Civil Action No. |
| Plaintiff, | : : | |
| v. | : : | |
| SRA ASSOCIATES, INC. | : : | |
| Defendant. | : | |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**Nature of Action**

1. Ferdinand J. Mendonez ("Plaintiff"), of 121 Rock Avenue, Green Brook, New Jersey 08812, brings this class action under the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of New Jersey consumers who have been the subject of debt collection efforts by SRA Associates, Inc. ("Defendant"), whose principal place of business is located at 112 W. Park Dr., Suite 200, Mt. Laurel, New Jersey 08054.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—has explained that "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited November 10, 2020).

4. Nearly half of the debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers did not owe.[2]

5. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights with respect to those debts. 15 U.S.C. § 1692g(a).

6. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

7. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8. Pertinent here, the validation notice must advise the consumer that, absent dispute within 30 days of receipt of the notice, the consumer's alleged debt will be assumed to be valid by the debt collector. *Id.*, § 1692g(a)(3).

---

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2020* at 14 (2020), https://files.consumerfinance.gov/f/documents/cfpb_fdcpa_annual-report-congress_03-2020.pdf (last visited November 10, 2020).

9. The consumer may submit his dispute either in writing or orally, as recently confirmed by the Third Circuit. *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020).

10. But here, Defendant improperly instructed Plaintiff that he must submit any dispute in writing.

11. This case centers on Defendant's failure to properly provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to New Jersey consumers, or within five days thereafter.

### Parties

12. Plaintiff is a natural person who at all relevant times resided in Somerset County, New Jersey.

13. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

14. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit line from PNC Bank for family and household use (the "Debt").

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is a professional corporation with its principal office in Burlington County, New Jersey.

17. Defendant bills itself "as one of the most reputable and effective receivables management providers nationwide, offering outstanding return on investment by way of impeccable regulation compliance and customer service."[3]

18. Defendant touts its "dedicated and professionally-trained collection staff, led by a team of experienced managers focused solely on compliant liquidation resolutions."[4]

19. "Using state-of-the-art workflow technology and experience across sectors," Defendant offers collections services for, *inter alia*, credit cards, mortgages, home equity loans, homeowners association fees, lines of credit, medical debts, and student loans.[5]

20. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

21. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

---

[3] http://www.sraassociates.com/ (last visited November 10, 2020).
[4] http://www.sraassociates.com/ (last visited November 10, 2020).

[5] http://www.sraassociates.com/ (last visited November 10, 2020).

22. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

23. Defendant held itself out to Plaintiff as a debt collector.

24. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Jurisdiction and Venue**

25. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

26. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and as Defendant maintains its principal office in this district.

**Factual Allegations**

27. On or about June 11, 2020, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

28. A true and correct copy of the June 11 communication to Plaintiff is attached as Exhibit A.

29. The June 11 communication to Plaintiff was the first communication Plaintiff received from Defendant.

30. Plaintiff did not receive any other communications from Defendant within five days of the initial June 11, 2020 communication.

31. Defendant's June 11 letter to Plaintiff indicates a "BALANCE DUE" of $4,827.67 and begins: "Your PNC BANK account has been placed with our office for collections." Ex. A.

32. Defendant instructs: "Please send the balance in full to: SRA Associates 112 W. Park Dr. Suite 200 Mt Laurel, NJ 08054." *Id.*

33. Then, under the heading "IMPORTANT CONSUMER NOTICE," Defendant states in capitalized letters:

> UNLESS YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

*Id.*

34. After its signature, Defendant closes its June 11 letter with the following: "This is a communication from a debt collector attempting to collect a debt. Any information will be used for that purpose." *Id.*

7

## Class Action Allegations

35. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a New Jersey address, (b) to whom SRA Associates, Inc. mailed an initial debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) which stated: "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid."

36. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

37. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

38. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

39. The proposed class is ascertainable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

40. The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class. To be sure, Plaintiff's

8

claims and those of the members of the class originate from the same standardized debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

41. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

42. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

44. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

45. There should be no difficulty in the management of this action as a class action.

46. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

47. Among the issues of law and fact common to the class are:

　　a. Defendant's failure to properly provide in its initial debt collection letters the disclosures required by 15 U.S.C. § 1692g;

　　b. whether Defendant is a debt collector for purposes of the FDCPA;

　　c. the availability of statutory penalties; and

　　d. the availability of attorneys' fees and costs.

### Count I: Violation of 15 U.S.C. § 1692g(a)(3)

48. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 47 above.

49. The FDCPA at 15 U.S.C. § 1692g(a)(2) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\* \* \* \*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector

50. Defendant's June 11, 2020 communication was its initial communication to Plaintiff.

51. The June 11, 2020 communication was sent in connection with an attempt to collect the Debt from Plaintiff.

52. At the time Defendant acquired the Debt for collection, it was, upon information and belief, considered to be in default.

53. The June 11, 2020 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(3), nor did Defendant provide such disclosures within five days thereafter.

54. Specifically, the June 11, 2020 communication violated 15 U.S.C. § 1692g(a)(3) by demanding that Plaintiff notify Defendant "in writing" of any dispute of the alleged Debt.

55. Importantly, the FDCPA specifically allows for written *and oral* disputes concerning consumer debts, as the Third Circuit reiterated several months prior to the issuance of Defendant's June 11 communication. *Riccio*, 954 F.3d at 588 ("The upshot: § 1692g(a)(3)'s plain meaning permits a debtor to dispute a debt orally.").

56. By requiring disputes to be in writing, Defendant encouraged consumers like Plaintiff to forego their rights under the statute to dispute their debts orally.

57. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and failed to effectively provide him the statutorily-mandated disclosures to which he was entitled.

58. Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows the consumer to confirm that he owes the debt sought by the collector before paying it.

59. And "failing to provide statutorily required disclosures"—as Defendant did here—creates a harm that "is real and concrete." *Pisarz v. GC Servs. Ltd. P'ship*, No. 16-455, 2017 WL 1102636, at *5 (D.N.J. Mar. 24, 2017).

60. Moreover, the content of Defendant's June 11 letter created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

61. Specifically, when a consumer is instructed to *only* make disputes in writing, he is likely to forego his oral validation rights as a result of Defendant's demands because he will not be aware of them.

62. That is, Defendant's demand for written disputes posed a risk of harm to Plaintiff's interest in determining how best to proceed with the alleged Debt and required him to mail to Defendant any dispute he had.

63. And here, as a result of the June 11 letter, Plaintiff was misled into believing that the law required him to dispute the Debt in writing.

64. What's more, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

### Count II: Violation of 15 U.S.C. § 1692e

65. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 47 above.

66. The FDCPA at 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

67. The June 11 letter advised Plaintiff that disputes need to be in writing. *See* Ex. A.

68. This requirement was buttressed by Defendant's simultaneous instructions to "Send Correspondence to" its address in Mt. Laurel, New Jersey. *Id.*

69. Defendant's requirement for a written dispute was deceptive and misleading given that oral disputes *are* allowed under the FDCPA.

70. Yet the content of the June 11 letter made it unlikely the least sophisticated consumer would understand that he could invoke his validation rights over the telephone or by other oral means if he wanted.

71. To be sure, while written disputes trigger different protections under the FDCPA than do oral disputes, such oral disputes remain viable under the law

13

and serve to protect consumers in various ways. *See Riccio*, 954 F.3d at 585-86 ("[D]ebt collectors are prohibited from reporting disputed debts to credit agencies without noting the fact of a dispute. *See* § 1692e(8) (prohibiting collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"). Finally, collectors seeking payments on multiple debts owed by the same debtor cannot apply a payment to any disputed debts. *See* § 1692h ("If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions").").

72. By advising Plaintiff that all disputes need be in writing, Defendant's June 11 letter therefore used a false, deceptive, or misleading representation in connection with the collection of a debt.

73. As a result, Defendant's June 11 letter violated the FDCPA at section 1692e.

74. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally and regarded his personal alleged Debt.

75. And the violation of Plaintiff's right not to be the target of misleading debt collection communications is a concrete injury sufficient to confer standing.

76. Indeed, the harm Plaintiff alleges here—being misled by a debt collector about the rights afforded him under the FDCPA—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

77. And here, as a result of the June 11 letter, Plaintiff was misled into believing that the law required him to dispute the Debt in writing.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(3) and 1692e;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. §§ 1692g(a)(3) and 1692e with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: December 1, 2020  Respectfully submitted,

/s/ Jonathan Rudnick
Jonathan Rudnick Local Counsel
THE LAW OFFICE OF JONATHAN RUDN
ATTORNEY I.D. NO. 034721990
788 SHREWSBURY AVENUE
BUILDING 2, SUITE 204
TINTON FALLS, N.J. 07724
732-842-2070
FAX: 732-879-0213


Jesse S. Johnson*
Greenwald Davidson Radbil PLLC

16

7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

\* to seek admission *pro hac vice*